IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TONY SENO,

        Plaintiff,

vs.                                      No. CIV  05-814 WFD/LFG

COUNTY OF LINCOLN; LINCOLN
COUNTY COMMISSIONERS; RICK
SIMPSON, individually and officially;
TOM BATTIN, EARL HOBBS,
MAURY ST. JOHN, and EILEEN
LOVELACE, in their official capacities;
and RICK VIRDEN, in his official capacity
as Sheriff of Lincoln County,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO COMPEL

### Introduction

THIS MATTER is before the Court on Plaintiff Tony Seno's ("Seno") "Motion to Compel Production Regarding Objection to Subpoena (Non Party)"[Doc. 14].  Seno sought production of materials from Jerry Carroll, a non-party to this litigation.  According to Seno's motion, Mr. Carroll responded to Seno's request by filing an objection.  Seno now asks the Court to compel production of the information from Mr. Carroll.  For the reasons stated herein, Seno's motion is DENIED.

### Seno's Motion to Compel

Seno asserts that he is filing this motion "pursuant to Rule 341 for tangible evidence necessary for the preparation of his case for trial."  [Doc. 14, p. 1, ¶ 1).  This is an error, as there is no "Rule 341 for tangible evidence."  Seno may have intended to refer to Rule 34. That rule governs production of documents and things and entry upon land for inspection and other purposes.

Notwithstanding the Court's speculation about what rule Seno may have intended to invoke, Fed. R. Civ. P. 34 is of no help to Seno because it does not apply to persons who are not parties. Indeed, Fed. R. Civ. P. 34(c) explains that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45."

Rule 45 governs the issuance of subpoenas both for discovery purposes and for hearings or trial. It outlines how the subpoena is issued and what the subpoena must contain. Fed. R. Civ. P. 45(a). Rule 45 further provides the procedure for effecting service and what fees must be tendered in conjunction with the subpoena. Fed. R. Civ. P. 45(b). There are limitations on service of the subpoena vis-a-vis the place where production or attendance is required. Id.

The scope of documents or information that can be obtained by way of a Rule 45 subpoena has been interpreted by various courts to be the same as the scope of discovery permitted under Fed. R. Civ. P. Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 n. 4 (D. Kan. 2003); Graham v. Casey's General Stores, 206 F.R.D. 251, 253-54 (S.D. Ind. 2002). This means that the material sought to be produced under Rule 45 must be relevant to the parties' claims or defenses and must not be privileged.

The party receiving the subpoena has the right to object and may withhold information that is privileged. Fed. R. Civ. P. 45(c)(2)(B). The recipient must expressly claim the privilege and describe the nature of the documents, communications or things not produced in sufficient detail to enable the court and moving party to assess the reasons for non-production. In Re Grand Jury Subpoena, 274 F.3d 563, 575-76 (1st Cir. 2001); In Re Application for Subpoena to Kroll, 224 F.R.D. 326, 328 (E.D.N.Y. 2004); Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc., 211 F.R.D. 658, 660 (D. Kan. 2003).

Even if Seno's subpoena is construed to have been brought under Rule 45, Seno failed to provide the Court with a copy of the subpoena or any information showing that the requested material is relevant to the controversy.[1]  Seno's motion states in paragraph 1 that he served his subpoena "for tangible evidence necessary for the preparation of his case . . . ," and in paragraph 5, "The documents requested are highly probative of the issue presented by Seno's claim . . . ."  However, without the subpoena or additional information as to why the documents are relevant to the claim, the Court is hard-pressed to make a proper determination.

In a subsequent unrelated pleading following Seno's filing of his Notice of Completion of Briefing [Doc. 18], Seno discloses more specific information for the first time.  He contends in an affidavit [Doc. 20] in support of a motion to abate the time for filing a response to a pending motion for summary judgment that the information sought consists of videotapes of the Lincoln County Commissioners' meeting which were recorded by Jerry Carroll between January 1, 2005 and June 1, 2005.  Seno contends that Mr. Carroll videotapes every Lincoln County Commission meeting and saves those tapes, and that there is no official recording of the May 20, 2005 meeting available for review.

While the Court agrees that a videotape of the actual incident is indeed relevant to the parties' claims and defenses, that is apparently not what Seno sought by way of his subpoena.  Carroll's response to the subpoena [Doc. 14, Ex. A) asserts that Carroll was asked to produce videotapes from January 1, 2005 to December 31, 2005.  According to his objection, there are 46, two-hour VHS tapes, which consist of 92 hours of privileged and/or protected matter.

---

[1] Seno's motion to compel asserts (p. 2, ¶ 7), "A memorandum of points and authorities is attached hereto."  However, no memorandum was attached, filed or docketed with the Clerk of Court, nor was it provided to the Court.

3

The Court agrees that a real-time recording of the incident which gives rise to this lawsuit is relevant and well within the scope of discovery under Rule 26.  However, there is no information or evidence presented to the Court demonstrating why twelve months of videotapes are in any way related to the parties' claims or defenses, and why Carroll, a non-party, should be compelled to disclose matters not relevant to this lawsuit.

Accordingly, the Court denies the motion to compel, but will authorize Seno to serve a new subpoena limited to a request for the videotape pertaining to the incident occurring on May 20, 2005. That subpoena must be served within the time limit established by the Court for discovery and comply with the requirements of Fed. R. Civ. P. 45.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Production Regarding Objection to Subpoena (Non Party)[Doc. 14] is DENIED, as described herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge